**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02793

SANDY B. SOSNOWSKI,

    Plaintiff,

v.

NISSAN MOTOR ACCEPTANCE CORPORATION,

    Defendant.

## COMPLAINT

**NOW COMES** Sandy B. Sosnowski ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Nissan Motor Acceptance Corporation ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Chattels ("TTC").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and is headquartered in the District of Colorado.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is an automobile financing corporation with its headquarters located in Irving, Texas.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2017, Plaintiff financed an automobile through Defendant, incurring debt ("subject debt").

7. Subsequently, Plaintiff lost her job and was no longer to make timely payments on the subject debt.

8. Shortly thereafter, Defendant began placing automated calls to Plaintiff's cellular phone.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services ending in 2790.

10. Plaintiff immediately answered a call from Defendant and attempted to set up a payment arrangement.

11. Defendant continued to call Plaintiff, using both prerecorded messages and live agents to harass her.

12. Around September 2018, Plaintiff answered a call from Defendant and asked Defendant to stop calling her.

13. Plaintiff's demand went unheeded as Defendant continued to place automated calls to Plaintiff's cellular phone.

14. Plaintiff answered numerous calls and told Defendant on at least one occasion to stop calling her.

15. Defendant called Plaintiff from multiple phone numbers, including, but not limited to, (800) 777-6116 and (800) 888-2799.

16. Defendant intentionally or negligently harassed and abused Plaintiff on numerous occasions by calling multiple times with such frequency as can be reasonably expected to harass.

## DAMAGES

17. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing actions.

19. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt by way of the unwanted phone calls.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of

concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I-VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant placed or caused to be placed non-emergency calls, including, but not limited to, the calls referenced above to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Upon information and belief, based on the pause on calls where Plaintiff was connected to a live agent and the pre-recorded messages on the other calls, Defendant used an ATDS.

25. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using an ATDS without her consent.

26. Any prior consent, if any, was revoked by Plaintiff's demand that Defendant cease calling.

27. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

30. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

31. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff SANDY B. SOSNOWSKI respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's calls to Plaintiff to be violations of the TCPA;

   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

34. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated her right to be left alone.

35. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

36. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

37. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

38. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

39. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

40. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

41. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

42. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

43. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, SANDY B. SOSNOWSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages;

    c. Award Plaintiff punitive damages;

    d. Award Plaintiff her reasonable attorney's fees & costs;

    e. Enjoining Defendant from contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994).

46. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's cellular phone.

47. Defendant knew that its relentless phone calls would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

48. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

49. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

50. Defendant intentionally caused Plaintiff's emotional distress by way of numerous harassing phone calls, at all hours of the day, whether Plaintiff was at home or elsewhere, in an attempt to coerce Plaintiff into making a payment.

51. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

52. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

53. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

54. As stated above, Plaintiff has suffered damages from Defendant's outrageous conduct.

**WHEREFORE,** Plaintiff SANDY B. SOSNOSWKI respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Award any other relief this Honorable Court deems equitable and just.

### COUNT IV-TRESPASS TO CHATTELS

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

57. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

58. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

59. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

60. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

61. Defendant bombarded Plaintiff with numerous calls, leaving her unable to use or possess her phone in the manner in which she wanted to.

62. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her on numerous occasions.

63. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

64. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff SANDY B. SOSNOWSKI respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Enter judgment in her favor and against Defendant;

    b. Award Plaintiff her actual damages in an amount to be determined at trial;

    c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 31, 2018                              Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
<u>/s/ Marwan R. Daher</u>
<u>/s/ Omar T. Sulaiman</u>
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com